

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 11, 2018**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SHANNON DALE THOMASON, | § | CASE NO. 17-10164-rlj7 |
| | § | |
| Debtor. | § | |

___

| | | |
|---|---|---|
| PLAINS SEAFOOD, INC. and JOHN R. MCVEY, | § § § | |
| *Plaintiffs*, | § | |
| v. | § | ADVERSARY NO. 17-01001-rlj |
| | § | |
| SHANNON DALE THOMASON, | § § | |
| *Defendant*. | § | |

## **MEMORANDUM OPINION**

Plaintiffs, Plains Seafood, Inc. (Plains Seafood) and John R. McVey (McVey), filed this complaint against chapter 7 debtor Shannon Dale Thomason (Thomason) on October 18, 2017, requesting that the Court enter an order excepting from discharge debts owed by Thomason to

1

Plains Seafood and McVey.[1] Thomason, acting pro se, filed a general denial to the complaint on November 22, 2017.[2] Trial on the complaint was held on March 5, 2018, and the matters at issue were taken under advisement by the Court. For the reasons set forth below, the Court, under § 523(a)(6), excepts from Thomason's discharge the debts owing to Plains Seafood and McVey.[3]

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## Background

Thomason filed for bankruptcy on June 29, 2017.[4] Thomason scheduled secured claims owing to Plains Seafood and McVey in the amount of $93,990, which he described as a "Judgment lien from a lawsuit."[5] On October 25, 2017, the Trustee entered his report of no distribution, and an order granting Thomason's discharge was entered on October 26, 2017.[6] Prior to the Trustee's report, this adversary was filed seeking to declare that the debts owing to Plains Seafood and McVey are nondischargeable under § 523(a)(6) because they are the result of a willful and malicious injury.[7] (The discharge granted under § 727 of the Bankruptcy Code does not discharge specific debts that are nondischargeable under § 523 of the Code. § 727(b).)

Thomason's debt to Plains Seafood and McVey resulted from a judgment issued in a lawsuit filed in state court. Some background regarding the lawsuit is needed. According to the complaint, Thomason received, by assignment, a judgment entered in favor of Delilah Kellum (Kellum Judgment) against Plains Seafood.[8] Plains Seafood operated a local restaurant, and

---

[1] Doc. No. 1. All "Doc. No." references herein are to the present adversary proceeding, unless otherwise indicated.
[2] Doc. No. 6.
[3] All "§" references herein are to Title 11 of the United States Code, unless otherwise indicated.
[4] Case No. 17-10164, Doc. No. 1.
[5] Case No. 17-10164, Doc. No. 15 at 15.
[6] Case No. 17-10164, Doc. No. 25.
[7] Case No. 17-10164, Doc. No. 22.
[8] Doc. No. 1 at 3.

McVey, according to his testimony, managed the restaurant and had an ownership interest in Plains Seafood. Seeking to collect on the Kellum Judgment, Thomason and a constable entered the restaurant on November 24, 2014, evicted everyone inside the restaurant at the time, changed the door locks, and refused any future entry to the restaurant.[9] These actions resulted in the filing of the state court suit on December 3, 2014, in the 237th District Court of Lubbock County, Texas, by Plains Seafood, McVey, and other affected parties against Thomason.[10] A jury trial was conducted on the suit, and the jury unanimously found Thomason 100% responsible for injuries to Plains Seafood and McVey.[11] The state court entered its judgment on February 9, 2016, and assessed damages against Thomason in the amount of $88,162.88, plus pre- and post-judgment interest and court costs.[12] Of importance here, the jury unanimously found that the "harm to Plains Seafood, Inc." and "the harm to John R. McVey resulted from malice."[13] As such, the total damages include $75,000 of exemplary damages.

In his bankruptcy, Thomason also scheduled a claim of the IRS for $6,431.18 and nonpriority unsecured debts of $119,287, the bulk of which represents attorney's fees and an amount owing on a personal loan.[14]

## Analysis

As a prerequisite to the Court's discussion regarding the dischargeability of the debt owed to Plains Seafood and McVey, the Court first determines if Thomason is here collaterally estopped from challenging the jury's verdict in the state court proceeding. One purpose of collateral estoppel is to prevent the relitigation of issues actually litigated and resolved in a prior

---

[9] *See id.*
[10] *Id.*, Ex. B at 1.
[11] *Id.*, Ex. A at 2–8. The jury found that the constable had no (0%) liability.
[12] *Id.* at 14–15.
[13] *Id.* at 11–12.
[14] Case No. 17-10164, Doc. No. 15 at 18–25.

proceeding. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). An issue was "actually litigated" if it was "raised, contested by the parties, submitted for determination by the court, and determined." *Scarbrough v. Purser (In re Scarbrough)*, 836 F.3d 447, 456 (5th Cir. 2016) (internal quotation and citation omitted). And when the determination comes from a previous state court proceeding, that state's collateral estoppel law applies in the subsequent proceeding. *See Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 181 (5th Cir. 1997). Here, because the judgment was entered by a Texas state court, Texas rules of preclusion apply.

Under Texas law, the elements of collateral estoppel are as follows: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).

The third element, that the parties were cast as adversaries in the first action, is not at issue. Plains Seafood, McVey, and the other plaintiffs sued Thomason in the first action and were thus cast as adversaries. The state court action against Thomason sought damages for wrongful execution, conversion, and trespass. The plaintiffs also requested punitive damages and pleaded that Thomason "purposely interfered with the business and livelihood of the individual Plaintiffs in an effort to coerce the judgment debtor to satisfy the judgment."[15] The jury's verdict against Thomason on all claims, and its determination that he acted with malice, allows the Court to conclude that the first and second elements of collateral estoppel are also met. Here, Thomason asks the Court to determine, again, whether his conduct was willful and malicious, a fact already decided by the jury in the state court action. Thomason was represented by counsel in the state court proceeding; there is no evidence before the Court that Thomason did

---

[15] Doc. No. 1, Ex. B at 4.

not have the opportunity to "fully and fairly" litigate in that proceeding. *See Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 272 (5th Cir. 2005) (providing the criteria to determine if an issue was actually litigated). Thomason is therefore collaterally estopped from arguing that the judgment debt did not arise from a willful and malicious injury. The Court will now determine if that debt is nondischargeable under § 523(a)(6).

Section 523(a)(6) states that a "discharge under section 727 . . . of this title does not discharge an individual debtor from *any debt* for willful and malicious injury by the debtor to another entity or to the property of another entity." § 523(a)(6) (emphasis added). In considering those injuries that are "willful" and "malicious," the Supreme Court wrote, "The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original); *see also Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 606 (5th Cir. 1998) ("[W]e hold that an injury is 'willful and malicious' where there is either an objective substantial certainty of harm or a subjective motive to cause harm."). A debt is thus nondischargeable if there is a finding that the injury was both willful *and* malicious. *See Miller*, 156 F.3d at 604–05.

In the case at hand, the jury expressly found that Thomason's malice caused plaintiffs' injuries and awarded exemplary damages: "Do you find by clear and convincing evidence that the harm to [Plains Seafood and McVey] resulted from malice? . . . The jury unanimously answered . . . 'Yes.'"[16] Consistent with the *Kawaauhau* and *Miller* framework, the jury found that Thomason had a subjective motive to cause harm to the plaintiffs. In fact, it was the harm that plaintiffs would suffer that Thomason hoped would coerce plaintiffs into paying the

---

[16] Doc. No. 1, Ex. A at 6–7.

5

judgment owed. In addition, Thomason's commandeering of plaintiffs' property was, objectively, substantially certain to result in the loss of profits and inventory suffered by the plaintiffs. The injury was thus willful and malicious within the meaning of §523(a)(6). The Court concludes that the debt, at least as it relates to actual damages awarded for the injuries caused by Thomason, is nondischargeable. Because the debt also includes amounts awarded as punitive damages, court costs, and pre- and post-judgment interest, the Court addresses whether such items are likewise nondischargeable.

Courts hold that the nature of the primary debt determines whether ancillary debts—punitive damages, attorney's fees, court costs, and interest—are nondischargeable under § 523. *See Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1208 (5th Cir. 1996); *Stokes v. Ferris (In re Stokes)*, 150 B.R. 388, 393 (W.D. Tex. 1992) (collecting several cases). All debts, therefore, that flow from the debtor's willful and malicious conduct are nondischargeable. The Supreme Court, though addressing debts that are nondischargeable under § 523(a)(2)(A), looked to the statutory provision's plain language to conclude that the phrase "debt for" is "best read to prohibit the discharge of any liability arising from a debtor's" injury "including an award of treble damages . . . ." *Cohen v. de la Cruz*, 523 U.S. 213, 220–21 (1998). Identical language precedes the provision denying discharge of debts resulting from willful and malicious injury. The Court therefore concludes that the entirety of Thomason's debt to Plains Seafood and McVey is nondischargeable.

## **Conclusion**

For the reasons stated herein, the Court excepts from Thomason's discharge the full amount of debt owing to Plains Seafood and McVey. This amount includes actual and punitive damages, court costs, and pre- and post-judgment interest.

### End of Memorandum Opinion ###